UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE LEE LONG,                              Case No. 10-12806

              Plaintiff,                   Victoria A. Roberts
v.                                         United States District Judge

COMMISSIONER OF                            Michael Hluchaniuk
SOCIAL SECURITY,                           United States Magistrate Judge

              Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 15)

I.   **PROCEDURAL HISTORY**

     A.   <u>Proceedings in this Court</u>

On July 15, 2010, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Victoria A.

Roberts referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of disability,

disability insurance and supplemental security income benefits.  (Dkt. 2).  This

matter is before the Court on cross-motions for summary judgment.  (Dkt. 9, 15).

     B.   <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on February 11, 2008, alleging that he

became unable to work on September 30, 2006.  (Dkt. 7, Tr. at 90-101).  The claim

was initially disapproved by the Commissioner on April 28, 2008.  (Dkt. 7, Tr. at

45-46).  Plaintiff requested a hearing and on June 19, 2009, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) John J. Rabaut, who considered

the case *de novo*.  In a decision dated July 2, 2009, the ALJ found that plaintiff

was not disabled.  (Dkt. 7, Tr. at 10-21).  Plaintiff requested a review of this

decision on July 9, 2009.  (Dkt. 7, Tr. at 8-9).  The ALJ's decision became the

final decision of the Commissioner when, after the review of additional exhibits[1]

(AC-13F, Dkt. 7, Tr. at 4), the Appeals Council, on May 13, 2010, denied

plaintiff's request for review.  (Dkt. 7, Tr. at 1-3); *Wilson v. Comm'r of Soc. Sec.*,

378 F.3d 541, 543-44 (6th Cir. 2004).

 For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion

for summary judgment be **DENIED**, and that the findings of the Commissioner be

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ.  In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

**REVERSED**, and that this matter be **REMANDED** for further proceedings.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was fifty-two years of age at the time of the most recent

administrative hearing.  (Dkt. 7, Tr. at 20).  Plaintiff has no relevant work history.

*Id*.  In denying plaintiff's claims, defendant Commissioner considered a spinal

injury and emphysema as possible bases of disability.  (Dkt. 7, Tr. 113)*.*

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

September 30, 2006.  (Dkt. 7, Tr. at 15).  At step two, the ALJ found that

plaintiff's impairments of degenerative disc disease, obstructive pulmonary

disease, and major depressive disorder were "severe" within the meaning of the

second sequential step.  *Id*.  At step three, the ALJ found no evidence that

plaintiff's combination of impairments met or equaled one of the listings in the

regulations.  (Dkt. 7, Tr. at 16).  At step four, the ALJ found that plaintiff had no

past relevant work history.  (Dkt. 7, Tr. at 20).  At step five, the ALJ denied

plaintiff benefits because plaintiff could perform a significant number of jobs

available in the national economy.  *Id.*

### B.     The Parties' Arguments

According to plaintiff, the ALJ offers a cursory conclusion that he is

discounting Dr. Noveloso's opinion because there is nothing in that doctor's treatment notes to support his opinion, but the ALJ fails to mention all of the records and clinical findings, and in particular, those that would tend to support the doctor's opinion. According to the Commissioner, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform unskilled light work with several postural, environmental, and mental limitations on his workplace activities. (Tr. 17). Plaintiff challenges these findings by arguing that the ALJ improperly discounted the workplace limitations listed in Dr. Noveloso's 2009 opinion. Dr. Noveloso stated that plaintiff could lift/carry ten pounds occasionally and less than ten pounds frequently. (Tr. 220). He reported that plaintiff could stand/walk about six hours in an eight-hour day, but must alternate his position while sitting during a normal work day. (Tr. 220). Dr. Noveloso also seemed to endorse plaintiff's statement that his impairments would disrupt his ability to perform a job with low physical demands for seventy hours out of a 160-hour work month. (Tr. 220). Plaintiff argues that the ALJ's reasoning for rejecting Dr. Noveloso's opinion is too cursory.

According to the Commissioner, the ALJ fully satisfied the procedural requirements of providing good reasons for discounting Dr. Noveloso's opinion. The ALJ provided a summary of Dr. Noveloso's treatment notes, and explained that these findings did not support the severity of the limitations identified in his

opinion. (Tr. 18). Thus, the Commissioner concludes that the ALJ's reasoning for discounting Dr. Noveloso's opinion is sufficient.

Plaintiff also argues that the ALJ did not discuss Dr. Noveloso's June 2008 treatment note, which indicated that plaintiff was "in moderate distress," tender in the cervical spine area, and had a reduced range of motion in his spine. (Tr. 209-210). Plaintiff contends that this treatment note supports Dr. Noveloso's opinion. According to the Commissioner, plaintiff's argument is without merit for several reasons. First, the Commissioner points out that an ALJ is not required to discuss every piece of medical evidence contained in the record. Here, according to the Commissioner, the ALJ demonstrated that he reasonably considered the medical evidence from Dr. Noveloso by broadly discussing the physician's treatment notes, a February 2008 chest x-ray ordered by Dr. Noveloso, and his 2009 opinion. (Tr. 18). Second, the Commissioner argues that plaintiff's reliance on Dr. Noveloso's June 2008 treatment note is misplaced because plaintiff only emphasizes the isolated findings that might support Dr. Noveloso's opinion, but ignores the fact that Dr. Noveloso did not report similar findings during his other exams. For example, one month earlier, in May 2008, Dr. Noveloso noted that plaintiff's cervical spine was not tender to touch and that he had full range of motion. (Tr. 212). After June 2008, there was no documentation from Dr. Noveloso showing that plaintiff continued to have significant symptoms in his

neck or spine.  Third, the Commissioner argues that plaintiff has not shown that

the June 2008 treatment note supported the level of restrictions described in Dr.

Noveloso's 2009 opinion.  Plaintiff fails to explain how the June 2008 findings

would preclude him from working a job with low physical demands for seventy

hours a month or support any of Dr. Noveloso's other severe limitations.  In fact,

most of Dr. Noveloso's other June 2008 exam findings were normal.  (Tr.

209-210).  Plaintiff had no gross deformities in his upper or lower extremities (Tr.

210).  In addition, Dr. Noveloso noted that plaintiff had some pain relief from

Aleve, a non-prescription medication.  (Tr. 209).  The Commissioner

acknowledges that plaintiff had a neck impairment but asserts that plaintiff's

recitation of Dr. Noveloso's findings does not establish that he is more limited

than the ALJ found.  Moreover, Dr. Noveloso's opinion did not include any

objective data or explanation supporting his conclusory opinion.  Further, Dr.

Noveloso's opinion on how many hours plaintiff could work per month were

expressly based on plaintiff's subjective report of his own ability.  (Tr. 220).

        Plaintiff also contends that Dr. Noveloso's June 2008 findings are

consistent with Dr. Zalesin's March 2008 findings.  Dr. Zalesin, a consultive

physician, found some abnormalities, such as tenderness in plaintiff's cervical

spine and a mild degree of muscle spasm.  (Tr. 171).  The Commissioner argues,

again, that plaintiff fails to explain how these findings would support Dr.

Noveloso's opinion and points out that Dr. Zalesin's other findings were mostly normal. Dr. Zalesin found that plaintiff's grip strength and dexterity were unimpaired. (Tr. 171). During Dr. Zalesin's exam, plaintiff also had no difficulty getting on and off the examination table, walking, squatting, balancing, or hopping (Tr. 171). Plaintiff's range of motion of his lumbar spine, shoulder, and elbow were normal and only his cervical spine range of motion was limited. (Tr. 172). Dr. Zalesin stated that there was no evidence of nerve disease, and at the time of the exam, plaintiff was not taking any medications to ease his pain. (Tr. 170, 172). Dr. Zalesin noted that plaintiff was not in distress and that his breathing difficulties only presented a mild impairment. (Tr. 171). According to the Commissioner, these exam findings do not undermine the ALJ's finding that plaintiff could perform a limited range of light work.

Moreover, in April 2008, Dr. Choi, a State agency physician who reviewed Dr. Noveloso's treatment notes and Dr. Zalesin's report, limited plaintiff to lifting/carrying twenty pounds occasionally and ten pounds frequently, standing/walking six hours in an eight-hour day and sitting six hours in an eight-hour day. (Tr. 176). Dr. Choi placed several postural limitations on plaintiff's ability to work, and recommended that plaintiff avoid concentrated exposure to humidity, fumes, odors, dusts, gases, poor ventilation, and hazards. (Tr. 177). Dr. Choi's opinion is consistent with the ability to perform light work

subject to the other limitations the ALJ identified.

Plaintiff also argues that the ALJ overlooked a May 2008 x-ray which showed that plaintiff had mild to moderate degenerative disc disease. (Tr. 215). The Commissioner points out that, although the ALJ did not specifically address the May 2008 x-ray, he expressly listed degenerative disc disease as one of plaintiff's severe impairments. (Tr. 15). The ALJ thus recognized that plaintiff's degenerative disc disease limited his ability to perform basic work activities, and reasonably accommodated this impairment by limiting plaintiff to a range of light work. (Tr. 15, 17). According to the Commissioner, plaintiff has not explained how the mere presence of this impairment would either render him disabled or support Dr. Noveloso's opinion. Rather, the Commissioner asserts that the ALJ's decision reflects that he reasonably considered the medical evidence, including Dr. Noveloso's treatment records and opinion.

## III.   DISCUSSION

_____A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

        1.    Burden of proof

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381

*et seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the

Report and Recommendation
Cross-Motions for Summary Judgment
*Long v. Comm'r*; Case No. 10-12806

treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "Although the ALJ is not bound by a treating physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Social Security*, 482 F.3d 873, 875 (6th Cir. 2007).

  2.  Analysis

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole. 20

C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's

opinion is entitled to more weight than a consultative physician who only

examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).  A decision

denying benefits "must contain specific reasons for the weight given to the

treating source's medical opinion, supported by the evidence in the case record,

and must be sufficiently specific to make clear to any subsequent reviewers the

weight the adjudicator gave to the treating source's opinion and the reasons for

that weight."  Soc.Sec.R. 96-2p, 1996 WL 374188, *5 (1996).  The opinion of a

treating physician should be given controlling weight if it is "well-supported by

medically acceptable clinical and laboratory diagnostic techniques" and is "not

inconsistent with the other substantial evidence in [the] case record."  *Wilson*, 378

F.3d at 544; 20 C.F.R. § 404.1527(d)(2).  A physician qualifies as a treating source

if the claimant sees her "with a frequency consistent with accepted medical

practice for the type of treatment and/or evaluation required for [the] medical

condition."  20 C.F.R. § 404.1502.  "Although the ALJ is not bound by a treating

physician's opinion, 'he must set forth the reasons for rejecting the opinion in his

decision.'"  *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation

omitted).  "Claimants are entitled to receive good reasons for the weight accorded

their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003). Courts have remanded the Commissioner's decisions when they have failed to articulate "good reasons" for not crediting the opinion of a treating source, as § 1527(d)(2) requires. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing, *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

An "ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Meece v. Barnhart*, 192 Fed.Appx. 456, 465 (6th Cir. 2006), citing, *McCain v. Dir.*, *Office of Workers Comp. Programs*, 58 Fed.Appx. 184, 193 (6th Cir. 2003) (citation omitted); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play

17

doctor.").  When evaluating treating physician evidence, the ALJ must also

consider, under some circumstances, contacting the treating source for

clarification:

> Because treating source evidence (including opinion
> evidence) is important, if the evidence does not support a
> treating source's opinion on any issue reserved to the
> Commissioner and the adjudicator cannot ascertain the
> basis of the opinion from the case record, the adjudicator
> must make "every reasonable effort" to recontact the
> source for clarification of the reasons for the opinion.

SSR 96-5p, 1996 WL 374183, *6; *see also* 20 C.F.R. § 404.1527(c), 20 C.F.R.

§ 404.1512(e); *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000) (The ALJ has a duty

to investigate the facts and develop the arguments both for and against granting

benefits.); *D'Angelo v. Soc. Sec. Comm'r*, 475 F.Supp.2d 716 (W.D. Mich. 2007)

(Where an ALJ discounts the opinions of a treating physician because the record

includes virtually no medical records of plaintiff's treatment with that physician,

the ALJ should perform a further investigation pursuant to SSR 96-5p.).  The

regulation requires the ALJ to give good reasons for the weight given to the

treating source's opinion and, if this procedural requirement is not met, a remand

may be required even if the decision is otherwise supported by substantial

evidence.  *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544-45 (6th

Cir. 2004).  In this case, the ALJ concluded that Dr. Noveloso's opinions were not

supported by his treating records and that his opinion regarding the limited

number of hours plaintiff could work per month was based solely on plaintiff's subjective statement.  This is precisely the type of situation where the ALJ should contact the treating physician (who treated plaintiff regularly over a fairly long period of time) and obtain clarification of that physician's opinions and the bases for them.

    C.    <u>Conclusion</u>

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is not within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035.

## IV.   **RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: June 16, 2011                              s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

Report and Recommendation
Cross-Motions for Summary Judgment
*Long v. Comm'r*; Case No. 10-12806

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>June 16, 2011</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Mikel E. Lupisella, Susan K. DeClercq, AUSA, and the Commissioner of Social Security</u>.

<div style="margin-left: 40%;">

s/Darlene Chubb_____
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov

</div>