UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE LEE LONG,

    Plaintiff,                                       Case No. 10-12806

v.                                                   District Judge Victoria A. Roberts

COMMISSIONER OF                       Magistrate Judge Michael Hluchaniuk
SOCIAL SECURITY,

    Defendant.

## ORDER

**I. INTRODUCTION**

This matter is before the Court on the parties' cross Motions for Summary Judgment. Magistrate Judge Michael Hluchaniuk recommends that the Court GRANT Plaintiff's motion and DENY Defendant's motion.

The Court **ADOPTS** Magistrate Hluchaniuk's recommendation, with modification

**II. PROCEDURAL HISTORY AND FACTS**

Magistrate Hluchaniuk sufficiently summarizes the relevant facts and procedural history. His summary is incorporated by reference.

**III. STANDARD OF REVIEW**

This Court must review the Administrative Law Judge's (ALJ) decision to decide if it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y*, 889 F.2d

1

679, 681 (6th Cir. 1989) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Serv.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard is deferential, and presupposes a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Accordingly, if the Commissioner's determination is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed issues of fact differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In reviewing the Commissioner's decision, the Court may consider only the record that was before the ALJ, and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id*.

**IV.  ARGUMENTS**

The Social Security Administration uses a five step analysis to determine whether a claimant is eligible for benefits. The claimant must establish that: 1) he is not presently engaged in gainful employment; 2) he suffers from an impairment or combination of impairments that is severe; and 3) the impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant meets his burden at step three, he establishes eligibility. If the claimant does not, he may still show his eligibility at step four by proving he did not have the "residual functional capacity" (RFC) to perform past work. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If he has the

RFC to perform past relevant work, the claimant is not disabled.

If the claimant satisfies his burden at the fourth step by showing he does not have the RFC to perform past relevant work, the burden shifts to the Commissioner at the fifth step to show there is other work available in the economy that the claimant can perform. 20 C.F.R. 404.1520(g). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y*, 820 F.2d 777, 779 (6th Cir. 1987).

### A. Plaintiff's Claims

On February 11, 2008, Plaintiff filed an application for disability benefits, claiming that he became unable to work on September 30, 2006. Plaintiff claims to suffer from serious neck pain, which causes him arm numbness and decreased ability to move his head. Tr. 29.

Plaintiff says he does not participate in any organizations or get out to see other people often. Tr. 28. He does not do his own grocery shopping. He cuts his own grass using a riding lawn mower, but takes one to two hour breaks every half hour or hour. Tr. 28. He is able to drive short distances. Tr. 31.

Plaintiff has trouble sleeping due to pain, and only sleeps a couple hours at a time during the night. He sleeps at an incline to help with the pain. During the day, he has little energy and takes naps. Tr. 29-30.

Plaintiff has difficulty sitting in chairs with straight backs due to neck pain. He can usually stay seated or standing for only an hour or two before he must change position. He has difficulty moving his head; he has to prepare himself to do so, and

even then his neck will occasionally lock-up. Tr. 31. Plaintiff can lift only ten pounds at a time. Tr. 30. When his arms are numb he has difficulty gripping objects.

Plaintiff has trouble walking due to his pain. Tr. 30. He also has trouble breathing, especially in humid or cold weather. Tr. 33. He has smoked for 37 years, but is attempting to quit. At the time of the hearing, he said he smoked "once in a while." Tr. 33.

Because of his pain and inability to do the things he used to, he feels inadequate. Tr. 32. However, if he were able to work full-time, he would do so. Tr. 32.

### B.     Magistrate's Recommendation

The ALJ found that Plaintiff's degenerative disc disease, chronic obstructive pulmonary disease, and major depressive disorder were "severe" impairments within the meanings of the Regulations. Nevertheless, the ALJ found that Plaintiff's impairments were not "severe" enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, or Regulations No. 4.

The ALJ assessed Plaintiff's RFC and determined that he retains the RFC to perform light work except that he requires work activity that involves only simple, routine, and repetitive tasks in a work environment without fast paced production requirements. The work must involve only simple work related decisions, with few work place changes. Plaintiff cannot climb ladders, ropes, or scaffolds, is unable to crawl, and should avoid unprotected heights. He can occasionally climb ramps and stairs, stoop, crouch, and kneel. He can occasionally reach overhead, and can perform occasional feeling. He should avoid concentrated exposure to extreme cold and heat, wetness, humidity, excessive vibrations, fumes, odors, dusts, gasses, poorly ventilated

areas, and moving machines. Tr. 17.

The ALJ found there are a significant number of jobs in the national economy Plaintiff can perform. Hence, the ALJ concluded that Plaintiff was not under a "disability" as defined in the Social Security Act.

The Magistrate recommends that the Court reverse the ALJ's decision and remand the case. He says the ALJ should have contacted Plaintiff's treating physician, Dr. Novelosco, to clarify Dr. Novelosco's opinion. Specifically, the ALJ reviewed the medical records and opinions of Dr. Novelosco, and noted Dr. Novelosco wrote that Plaintiff reported his work schedule would be interrupted 70 hours per month due to his pain. However, the ALJ concluded Dr. Novelosco's opinions were not supported by sufficient medical data, and gave them limited weight. The Magistrate says the ALJ should have contacted Plaintiff's treating physician to clarify his opinions and the bases for them.

**C.     Defendant's Objections**

Defendant says the ALJ was not obligated to contact Dr. Novelosco because the basis for his opinion is clear–the opinion is based on the Plaintiff's own statements. Defendant asks that the Court uphold the ALJ's ruling.

**D.     Analysis**

**1. The ALJ Was Not Required to Contact the Treating Physician**

In some instances, an ALJ must contact a treating physician.

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator

> must make "every reasonable effort" to recontact the source for
> clarification of the reasons for the opinion. Soc. Sec. R. 96-5p.

Thus, an ALJ must contact a treating physician if (1) evidence does not support the opinion; and (2) the ALJ can't ascertain the basis for the opinion from the record. *Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 273 (6th Cir. 2010).

The Magistrate says the ALJ must contact Dr. Novelosco to find out the basis for his opinion that Plaintiff is unable work 70 hours out of 160 hours of work each month. However, Defendant is correct that the ALJ was not obligated to contact Dr. Novelosco because the basis for his opinion is clear.

Dr. Novelosco wrote that out of 160 work hours per month, Plaintiff's limitations would disrupt a regular job schedule with low physical demands "70 hours per patient." The ALJ concluded that medical evidence does not support this opinion. This satisfies the first element. However, the second element is not satisfied; the basis for Dr. Novelosco's opinion appears to be Plaintiff's own reporting of his limitations.

Because Plaintiff's own report is the basis of Dr. Novelosco's opinion, the ALJ was not obligated to contact Dr. Novelosco for clarification under this rule. *See Ferguson.,* 628 F.3d at 273 (ALJ not required to contact treating physician where basis of physician's opinion was the claimant's own self-reported complaints).

### 2. The ALJ Did Not Properly Evaluate the Treating Physician's Opinions

Because the Magistrate decided the ALJ improperly failed to contact Dr. Novelosco, he did not address the thrust of Plaintiff's claims–that the ALJ improperly discounted Dr. Novelosco's opinions. The Court considers this claim, and agrees with

6

Plaintiff.

The ALJ must give a treating physician's opinion controlling weight if: (1) it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. 404.1527(d)(2). If the ALJ does not give the treating physician's opinions controlling weight, the treating physician's medical opinions are still entitled to deference, and the ALJ must consider specific factors in determining what weight the physician's opinions should be given. *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544-46 (6th Cir. 2004). Those factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source . . . ." *Id.*

Importantly, the regulations require that the ALJ "will always give good reasons in [his] notice of determination or decision for the weight [he gives to a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). "A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Wilson,* 378 F.3d at 544 (quoting SSR 96-2p); *Friend v. Comm'r of Soc. Sec.,* 375 Fed. Appx. 543, 550 (6th Cir. 2010). Failure to do so is reversible error because "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson,* 378 F.3d at 544. This is

true even if a different outcome on remand is unlikely. *Id.* at 546.

The ALJ discussed Dr. Novelosco's medical opinions:

> Dr. Novelosco wrote that the claimant has chronic neck pain, chronic obstructive pulmonary disease, and diverticulosis. The claimant can frequently lift less than 10 pounds and occasionally lift 10 pounds. He can stand/walk about 6 hours in an 8-hour day. He must alternate between sitting and standing. He has mild limitations in his ability to use his left upper extremity for pushing and pulling. The physician also wrote that the claimant reported that his limitations would likely disrupt a regular job schedule with low physical demands 70 hours per month. Tr. 18.

However, the ALJ gave these opinions "limited weight" because "there was nothing in the physician's treatment notes which supports the severity of the limitations identified" by the physician. This was the full extent of the explanation for the weight given to Dr. Novelosco's opinions.

The ALJ was not required to give Dr. Novelosco's opinions controlling weight because they were inconsistent with the objective medical evidence. However, these opinions were still entitled to deference, and the ALJ must consider the factors listed above and give good reasons for assigning "limited weight" to the treating physician's opinions.

The ALJ must give specific reasons for the weight assigned to Dr. Novelosco's opinions. From the ALJ's opinion, it is unclear whether he considered most of the factors at all, including: (1) the length of the treatment relationship, (2) the frequency of examination, (3) the nature and extent of the treatment relationship, (4) the consistency of the opinion with the record as a whole, and (5) specialization of the treating source.

The ALJ must make a record that he considered the factors outlined in 20 C.F.R. § 404.1527(d). Consideration of these factors may not change the ALJ's determination.

However, the Commission must follow its own regulations.

## VI.   CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation with modification, **GRANTS** Plaintiff's Motion, and **DENIES** Defendant's Motion.

This matter is **REMANDED** to the Commissioner for a more detailed explanation of why Dr. Novelosco's opinions in the questionnaire dated July 4, 2009 were given limited weight.  The Commissioner must provide good reasons for the weight given to Dr. Novelosco's opinion and analyze the factors in 20 C.F.R. §404.1527(d).  If the Commissioner determines that Dr. Novelosco's opinions warrant a different weight than originally determined, the Commissioner must re-evaluate whether Plaintiff has the RFC to perform work in the national economy.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 10, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 10, 2011.

s/Carol A. Pinegar
Deputy Clerk

---

9